

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00306-CR

---

**JAROD DAJON HOWELL, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

---

On Appeal from the 432nd District Court
Tarrant County, Texas[1]
Trial Court No. 1848274, Honorable Ruben Gonzalez, Presiding

---

April 15, 2026

## MEMORANDUM OPINION

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Jarod Dajon Howell, appeals from the trial court's judgments finding him guilty of four counts of possession of a controlled substance with the intent to deliver.[2]

---

[1] This cause was originally filed in the Second Court of Appeals. It was transferred to this Court by a docket-equalization order of the Supreme Court of Texas. *See* TEX. GOV'T CODE § 73.001. In the event of any conflict, we apply the transferor court's case law. TEX. R. APP. P. 41.3.

[2] *See* TEX. HEALTH & SAFETY CODE §§ 481.112, .1123. All four counts alleged that Appellant possessed a particular controlled substance in an amount of four grams or more but less than 200 grams. Count one alleged possession of fentanyl. Count two alleged possession of cocaine. Count three alleged possession of heroin. Count four alleged possession of methamphetamine.

He was sentenced to 42 years' incarceration for counts one and four and 35 years' incarceration for counts two and three.[3] The sentences were ordered to run concurrently. Appellant's court-appointed appellate counsel has filed a motion to withdraw supported by an *Anders*[4] brief. We grant counsel's motion and affirm the judgments of the trial court.

In support of his motion to withdraw, counsel has certified that he has conducted a conscientious examination of the record and, in his opinion, the record reflects no reversible error upon which an appeal can be predicated. *Id*. at 744; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), counsel has discussed why, under the controlling authorities, the record presents no reversible error. In a letter to Appellant, counsel notified him of the motion to withdraw; provided him with the motion, *Anders* brief, and a motion to obtain access to the appellate record; and informed him of his right to file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014) (specifying appointed counsel's obligations on the filing of a motion to withdraw supported by an *Anders* brief). By letter, this Court also advised Appellant of his right to file a pro se response to counsel's *Anders* brief. Appellant has not filed a response. The State has not filed a brief.

By his *Anders* brief, counsel discusses areas in the record where reversible error may have occurred but concludes that the appeal is frivolous. We have independently examined the record to determine whether there are any non-frivolous issues that were

---

[3] The punishment ranges for these offenses were enhanced because Appellant had been finally convicted of a prior felony. *See* TEX. PENAL CODE § 12.42(c)(1).

[4] *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

2

preserved in the trial court which might support an appeal, but we have found no such issues. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Following our careful review of the appellate record and counsel's brief, we conclude that there are no grounds for appellate review that would result in reversal of Appellant's conviction or sentence.

Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.[5]

Judy C. Parker
Chief Justice

Do not publish.

---

[5] Counsel shall, within five days after the opinion is handed down, send Appellant a copy of the opinion and judgment, along with notification of Appellant's right to file a pro se petition for discretionary review. *See* TEX. R. APP. P. 48.4. This duty is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *In re Schulman*, 252 S.W.3d at 411 n.33.